FILED
SEP 1 3 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

-1-

United States District Court, District of Columbia
1901 E Street, S.E. WDC. 20003

MR. JAMAAL AKI #234-427, 9/13, Medical-96, (hereinafter, M-96)
MR. TOREZ JACKSON #303-824, 9/13, M-96,
MR. TAWFEEK REYAD #261-610, 9/10, M-96,
MR. ANTHONY WELLS #217-022, 9/7, M-96,
MR. FRED DOWDY #178-129, 9/14, M-96,        Complaint
MR. MICHAEL JACKSON #268-002, 9/14, M-96,
MR. REGINAL WALKER #254-317, 9/19, M-96,
MR. ANTHONY MARSHALL #191-250, 9/6, M-96,
MR. ALAN BLAKENEY #262-615, 9/6, M-96,
MR. MOSES BELL #278-769, 9/19, M-96,        CLASS ACTION
MR. SHAWN SINGLETON #261-129, 9/15, M-96,   SUIT
MR. LESLIE ALEXANDER #304-780, 9/4, M-96,
MR. RALPH WORTHINGTON #295-121, 9/15, M-96,
MR. TODD HEMPHILL #268-033, 9/8, M-96,      JURY TRIAL
MR. DARTAGNON HOWARD #265-992, 9/7, M-96,   DEMANDED
MR. RAYMOND JOHNSON #265-631, 9/19, M-96,
MR. ROBERT STEELE #295-279, 9/2, M-96,
MR. DELVIN MARTIN #269-923, 9/8, M-96,      CIVIL
MR. LAWRENCE SMITH #268-987, 9/9, M-96,     NO.
MR. MICHAEL T. JACKSON #253-872, 9/12, M-96,
MR. REON HOLLOWAY #305-465, 9/5, M-96,
MR. SYLVESTER SALTERS #282-002, 9/19, M-96,
MR. ALVIN HUNT #182-360, 9/11, M-96,
MR. RICARDO WATKINS #301-059, 9/10, M-96,
            (PLAINTIFFS)
                -vs-
CITY OF WASHINGTON, DISTRICT OF COLUMBIA,
MR. FRED FIGUEROA, Warden, CCA/CTF (Corrections Corporation
of America/Correctional Treatment Facility; hereinafter CTF),
MS. JACQUELYN BANKS, Assistant Warden of Operations,
MS. DENISE KING, Assistant Warden of Programs,
MR. ANTHONY WILLIAMS, Mayor of Washington, D.C.
            (Defendants)
In their Individual and Official Capacities

CASE NUMBER 1:05CV01820
JUDGE: Emmet G. Sullivan
DECK TYPE: Pro se General Civil
DATE STAMP: 09/13/2005

1

## I. Complaint

1. Mr. Jamaal Aki, presently pro se, held at CCA/CTF (Correctional Corporation of America/Correctional Treatment Facility; hereinafter CTF), 1901 E Street, S.E., Washington, D.C. 20003. I, as well as all Plaintiffs are at same address.

## II. Parties, Jurisdiction and Venue

2. Mr. Jamaal Aki was confined at CTF, a correctional facility, located at 1901 E Street, S.E., Washington, D.C. 20003, (as well as all other plaintiff's.)

3. Plaintiff's Jamaal Aki and Company (hereinafter Jamaal Aki & Co), is and was at all times mentioned herein, adult citizens of the United States and Residents of the District of Columbia.

4. Defendant City of Washington, District of Columbia was at all relevant times herein a municipal corporation of the District of Columbia.

5. Defendant Fred Figueroa was at all relevant times herein the warden of CTF and was responsible for managing its day-to-day operations and executes its policies.

6. Defendant Jacquelyn Banks was at all relevant times herein the Assistant Warden of Operation is second in command of facility and also oversees the operations and executes its policies.

7. Defendant Denise King was at all relevant times herein the Assistant Warden of Programs is also a head figure of CTF and is responsible for all programs and departments as well as the executions of all facility policies.

8. Defendant Mayor Anthony Williams, was at all relevant times herein mayor of the District of Columbia, city of Washington.

9. This action arises under and is brought pursuant to 42 U.S.C. Section 1983 to remedy the deprivation, under color of law, of rights guaranteed by the Eight Amendment to the United States Constitution. This Court has jurisdiction over this action pursuant to

28 U.S.C. Section 1331.

10. Plaintiffs' claim for injunctive relief are authorized by 28 U.S.C. Section 2283 and 2284 and Rule 65 of the Federal Rules of Civil Procedure.

11. This cause of action arose in the City of Washington, the District of Columbia. Therefore, venue is proper under 28 U.S.C. Section 1391(b).

### III. Previous Lawsuits by Plaintiffs

12. Plaintiffs' has filed no other lawsuits with the same facts involved in this action or otherwise relating to their imprisonment.

13. Plaintiffs' have filed grievances, only to be told on an announcement by the Grievance Coordinator that "heat is not a grievable issue it's mechanical". Thus, we (plaintiffs) then asked for fans. And Grievance Coordinator said "we do not have enough fans, so we can't give anyone any". And several letters were written to the mayor regarding this matter. Grievance Coordinator is Ms. Allen.

14. Plaintiffs reallege and incorporate by reference paragraphs 1 through 13 herein.

15. At All relevant times herein Defendants were "persons" for purposes of 42 U.S.C. Section 1983 and acted under color of law to deprive Plaintiffs of their Constitutional Rights, as set forth below.

### Statement of Facts

16. On or around/about May 30th, 2005, our housing unit, Medical 96 (hereinafter M-96), as well as the rest of this facility (CTF), was deprived of air, air conditioning, making conditions unbearable and painful, mainly to us, who are in this medical ward.

17. In about a week later, we (plaintiffs) were allowed to keep our room doors open

18. And within a few days later we were allowed to wear our T-shirts outside of our rooms, but not off the unit.

19. Be advised; we have no control over our windows. There is no latches, knobs or any control lever to open or close the windows throughout this entire facility.

20. Memo's were put out to the effect of the T-shirts and the room doors allowance to remain open (see exhibit A & B)

21. Several complaints were written and verbally told to CTP sergeants, Lt's, captains, as well as to both defendants (assist. Wardens Ms. King as well as Ms. Banks) and defendant (Warden Figueroa) and the air conditioning was not fixed or cut on. Nor were we provided with fans.

22. On July 25, 2005 at approximately 3:00pm. The Correctional Officer (hereinafter C.O.) who was working our housing unit (M-96), (name unknown) ordered us all to stop inside our cells, and locked us inside of the burning hot & scorching cell.

23. We were locked inside our cell from 3:00pm to 6:00pm until two inmates became sick and medical had to be called.

24. At which time Captain Holland said she gave no order for us to be locked in our cells with the doors locked.

25. And the electricity was also off during this entire day, meaning the water was hot (the cold water). And we were fed sandwiches for lunch and dinner.

26. Today (7-23-05) has been the apex of this heat wave we've been made to suffer due to no air conditioning at all, or no way to open the windows

27. This cruel and unusal punishment in which we have been suffering has been going on for nearly two months.

28. Please be advised that on todays lost of power. Their are appro. five inmates who need cpap (Chronic sleep disorder) machines. But there was no power for their machines, causing them great discomfort.

## Prayer For Relief

29. Plaintiffs respectfully request this Court to hold defendants (all of them) liable for their actions and/or inactions by violating plaintiffs Eight Amendment right under the Constitution of the United States.

30. Plaintiffs respectfully request an Order declaring the defendants have acted in violation of the Constitution of the United States.

31. Plaintiffs respectfully request an injunction compelling defendants Figueroa, as well as mayor William to immediately install the working and proper air conditioning and/or supply the entire facility's cells (individually) with fans.

32. Plaintiffs respectfully request an injunction holding the defendants Figueroa, Banks, King, A. Williams liable for their failure to proper maintain the climate within a correctional facility which is full of human beings including but not limited to, elders and sick (medically and physically) inmates. Their failure to properly maintain has caused plaintiffs (Jamaal Aki and Co.) cruel, inhumane, and unusal punishment.

33. Plaintiffs, (Jamaal Aki and Co.) respectfully request as compensatory damage for their pain and suffering caused by defendants the sum of ten thousand dollars ($10,000) each.

34. Plaintiffs, (Jamaal Aki and Co.) respectfully request as punitive damages to deter defendants from repeating this type of unprofessional, illegal and unconstitutional behavior, especially against a group of known sick inmates. As well as their inactions to supply them with the basic need of air conditioning, the sum of Ten Thousand dollars ($10,000) each

And for whatever other relief this Court deems just fair and proper.

Signed this 23 day of July, 2005

Mr. Jamaal Aki, for Jamaal Aki & Co.

*Mr. Jamaal Aki* (signature)